NEW YORK GOOD HUMOR, INC., Plaintiff, *v.* STANDARD COMMERCIAL BODY CORPORATION and Others, Defendants.

Supreme Court, Queens County, August 24, 1932.

*Phillips, Mahoney, Leibell & Fielding,* for the plaintiff.

*C. M. Palmer,* for the defendant Nadel.

CUFF, J. An order was made providing as follows: " The defendants * * * Harold Nadel * * * are enjoined and restrained pending the trial of this action from in any way painting

or otherwise reproducing on wagons, motor trucks, motor truck bodies, containers, wrappers, covers and boxes a design, reproduction or picture of a chocolate ice-cream sucker with a stick inserted in one end and a bite out of the other, and it is further ordered that defendants and each of them are restrained and enjoined from using the name ' Good Humor ' or any name closely simulating it, in the sale of ice-cream or ice-cream suckers or pops."

This application is directed against one defendant, Harold Nadel. At the time the order was made, Nadel sold a frozen confection under the trade name "Humoresque." Plaintiff contends that defendant Nadel is still using that trade name. He urges that " because of the close similarity between the names ' Good Humors ' and ' Humoresque ' the public undoubtedly is misled into believing that defendant's truck is one of plaintiff's fleet and is vending plaintiff's confection." Nadel denies that he is violating the order, although he admits using the trade name " Humoresque." Photographs of both trucks have been filed on this motion for the use of the court.

I do not find that Nadel was restrained from using the trade name " Humoresque." That he was using that word, characterizing his product, was before the court at the time the injunction *pendente lite* was issued. It is significant that no restriction on the use of the word " Humoresque " was contained in the very detailed provisions of the order. On the papers before me, I cannot hold that the use of the word " Humoresque " is a violation of the order.

The other charges against Nadel will be considered. Both trucks are white, with black underbodies. The lettering is black. The price of the article each sells is ten cents and the article is a form of ice cream. The driver of each wears a white duck uniform with a Sam Brown, belt, and for the purpose of this decision it will be admitted that their uniforms are the same. With that admission, all similarity ends. Plaintiff's truck is of different body construction. The lettering is not only different in style, but, except as is indicated, is different in context. There is a likeness of a partly-eaten sucker or pop on the sides of plaintiff's truck with the words " Ice Cream," " Good Humors," " pints," " half pints," " Buy them here," above and below the likeness. A sign above the body reads: " Chocolate Neopolitan-10¢-Chocolate Malt Toasted Almond." Nadel's truck has on the sides: " Humoresque Ice Cream — 10 cents — Buy them here." There is no picture or likeness on defendant's truck. The lettering on the back of the two trucks is entirely dissimilar in context and style, and, as said above, the backs of the trucks differ in construction. There are certain similarities which will be discussed.

Plaintiff can claim no monopoly in painting trucks white, and lettering them in black. To sustain plaintiff's point that Nadel adopted these colors to mislead, is to dismiss from consideration that the truck is white with black lettering, for the reason that it will be more conspicuous at night, during which time Nadel sells his product, from vantage points on the highways. Likewise, the white duck uniform and the Sam Brown, belt may be used by any one, who is not practicing deception. To rule that Nadel had such intent is to overlook the time-honored custom of wearing white apparel by those dispensing ice cream. Then, again, Nadel in plying his trade makes deliveries to automobiles, who interrupt their journey along the highway to receive and eat the confection. To reach the purchasers in these cars, Nadel walks or runs along or across the highway. Is it not natural that he should be garbed in raiment that will stand out against the darkness of the night, revealing his figure as he moves about and furnishing him with as much protection for his own safety as his work will permit? I cannot rule that plaintiff has a monopoly on this uniform. Nor can I decide that wearing it by Nadel is intended to deceive and mislead the public, in the face of the fact that white has invariably been worn by people in his line of business while at work, and for the further reason that it protects him from injury which might result if he wore clothing less conspicuous at night. Each objection to the manner of doing business by Nadel has been considered. The similarity and deception that plaintiff relies upon is totally absent. I do not find that the order has been violated.

Motion is denied.